UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANYELLE DANIELS DAVIS                      CIVIL ACTION
ON BEHALF OF "JANE DOE"

VERSUS                                      NO: 04-3511

ORLEANS PARISH SCHOOL BOARD,                SECTION: "J" (4)
ET AL.

**ORDER AND REASONS**

Before the Court is plaintiff's **Motion to Alter or Amend Judgment** (Rec. Doc. 26). The motion is opposed. Having considered the motion, legal memoranda of counsel, and the applicable law, the Court finds that plaintiff's motion should be GRANTED.

**BACKGROUND**

Plaintiff filed the present action because the Orleans Parish School Board ("OPSB") has not paid its portion of a settlement with plaintiff. Plaintiff raised federal law claims based on the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution, the Contracts Clause of the United States Constitution, the Individuals with Disabilities Act of 1973, 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff also raised state law claims, invoking the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The Court issued an Order and Reasons on August 18, 2005 dismissing plaintiff's federal constitutional claims on the merits and dismissing the federal statutory claims for failure to exhaust administrative remedies. (Rec. Doc. 24). Having dismissed the federal claims, the Court declined to exercise supplemental jurisdiction over the state law claims. *Id.*

On August 23, judgment was entered granting defendants' Motion for Judgment on the Pleadings and dismissing all of plaintiff's federal claims with prejudice and all of plaintiff's state law claims without prejudice. (Rec. Doc. 25). On August 29, Hurricane Katrina hit eastern Louisiana rendering the courts inaccessible and much of the area uninhabitable. On September 1, Chief Judge Berrigan signed an order suspending all legal deadlines and delays in the Eastern District until further notice. On September 24, Hurricane Rita hit western Louisiana, compounding the devastation. On November 1, the United States Courthouse in New

Orleans re-opened. On November 2, plaintiff filed her **Motion to Alter or Amend** (Rec. Doc. 26). On November 3, Chief Judge Berrigan signed a follow-up order, terminating the suspension of deadlines and delays, effective November 25, 2005.

## LAW

A Motion to Alter or Amend Judgment is governed by Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion calls into question the correctness of the judgment and "is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (citations omitted). A Rule 59(e) motion must be "filed no later than ten days after entry of the judgment." Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 6 governs the computation of time periods, such as the ten day filing period for a Rule 59(e) motion. Rule 6(a) provides for a "weather exception" that pushes back the last day of a filing period when the clerk's office is "inaccessible" due to "weather or other conditions." Rule 6(b) gives a court the discretion to extend a filing period when the deadline was missed because of excusable neglect, but specifically prohibits extending the period for a Rule 59(e) motion. The Fifth Circuit has

3

characterized this prohibition as a jurisdictional one that "may not be extended by a waiver of the parties or by a rule of the district court." *United States Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995).

## DISCUSSION

**A. Timeliness of Plaintiff's Motion**

Defendants argue that plaintiff's motion was not timely filed. Defendants recognize that the hurricanes made the clerk's office inaccessible for a time. However, Defendants contend that the availability of alternative courthouse locations and fax filing made the clerk's office available by mid-September. At the very latest, Defendants argue, when the Eastern District courthouse reopened in New Orleans on November 1, 2005, the period of inaccessibility was over. Under this interpretation, November 1, 2005, would be the final day of the ten day filing period and plaintiff's November 2, 2005 filing was a day late. Defendants imply that under *United States Leather's* characterization of the rule as jurisdictional, Chief Judge Berrigan's September 1 Order cannot extend the jurisdictional ten day period of Rule 59(e). The Court is unpersuaded by Defendants' arguments.

In *United States Leather*, the Fifth Circuit Court of Appeals

analyzed the applicability of the weather exception to a Rule 59(e) filing period after an ice storm closed a clerk's office for a day and a half. The court noted that the "weather exception was added to Rule 6(a) to acknowledge that such events may render the clerk's office inaccessible and impose an undue hardship, particularly in the type of post-trial motions involved in this case." 60 F.3d at 226. The court found that Rule 6 should not be so strictly construed as to require the clerk's office to be physically inaccessible or closed for the day before the weather exception could apply. *Id.* at 225-26. "We find that the Rule 6(a) weather exception cannot be so stringently read to exclude circumstances such as these where the weather in the surrounding area of the courthouse foreclosed access to counsel's office or computer files." *Id.* at 226. The holding in *United States Leather* supports this Court's understanding of the weather exception.

The extent of the hardship imposed by the recent hurricanes on counsel and litigants is impossible to determine. Chief Judge Berrigan's Order suspending all deadlines was a recognition of the indeterminable disruption to the entire district and state. The Order deemed the clerk's office inaccessible due to weather and other conditions until the Order was lifted. The text of the order reads as follows:

> Due to Hurricane Katrina and its aftermath, and the direct consequences of evacuation, the disruption of services and communication in the region, and the Courthouse in New Orleans, as well as numerous attorneys' offices, being temporarily inaccessible,
> IT IS HEREBY ORDERED that all deadlines and delays, including liberative prescriptive and peremptive periods in cases pending or to be filed in this Court, are hereby suspended until ordered otherwise.

Thus, as in *United States Leather*, neither physical accessibility nor the fact that the Courthouse in New Orleans was open are determinative of the weather exception's applicability. *Id.* Similarly, the fact that fax filing was allowed does not foreclose the applicability of the exception. *Id.* (citing *Telephone & Data Sys. v. Amcell F Atlantic City*, 20 F.3d 501, 502 (D.C.Cir. 1994)(per curiam) (rejecting "appellees' contention that the clerk's office was not 'inaccessible' because it was physically possible to file papers in the district court's 24-hour drop box").  Under the extraordinary circumstances of recent months, the weather exception pushed the final day for filing back to November 25, 2005, as per Chief Judge Berrigan's November 3, 2005 Order. The orders at issue were not local rules of the court extending the Rule 59(e) time period. They were a recognition of the extent of the disruption caused by the hurricanes. Thus, they do not run afoul of the Rule 6(b) prohibition on extension by rule of the Rule 59(e) period.

Rather, they acknowledge the applicability of the Rule 6(a) weather exception. Therefore, plaintiff's Motion to Amend or Alter Judgment was timely filed.

**B. The Merits of Plaintiff's Motion**

Plaintiff seeks to alter the judgment of the Court on the grounds that the statutory claims dismissed for failure to exhaust administrative remedies should have been dismissed without prejudice rather than with prejudice. Defendants argue that plaintiff has failed to demonstrate clear error. Defendants point to evidence in the record that they feel demonstrates substantive flaws in plaintiff's statutory claims that would support a dismissal with prejudice.

The August 18, 2005 Order and Reasons (Rec. Doc. 24 at 8-13) made clear that the Court did not address the substantive merits of plaintiff's statutory claims at all. The only basis for dismissal was procedural, the failure to exhaust administrative remedies. Therefore, the proper disposition of plaintiff's case was to dismiss the statutory claims without prejudice. *See Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 478 (5th Cir. 1997).

Accordingly,

**IT IS ORDERED** that plaintiff's **Motion to Alter or Amend**

**Judgment** (Rec. Doc. 26) is **GRANTED**. An Amended Judgment will issue following this order.

New Orleans, Louisiana this the 2nd day of December, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE